UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KORNEAL TOLLIVER,

    Plaintiff,

v.                                                Case No. 4:20cv384-MW-HTC

FEDERAL DETENTION CENTER
TALLAHASSEE, D ARNOLD, and
C BARNES,

    Defendants.
_____/

REPORT AND RECOMMENDATION

On or about July 31, 2020, Plaintiff, proceeding *pro se*, initiated this action by filing a three-page, handwritten civil rights complaint purporting to assert claims under 42 U.S.C. § 1983, alleging a conspiracy to poison his chow meals, which has followed him from institution to institution, and that Defendant Barnes has been throwing away his mail. ECF Doc. 1. The complaint was not filed on this Court's forms and was unaccompanied by a filing fee or a motion to proceed *in forma pauperis*. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.2(C). Upon consideration of the matter, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to follow orders of the Court and a failure to prosecute.

On August 12, 2020, the Court entered an order directing the clerk to send Plaintiff the Court's civil rights complaint form as well as a complete set of forms needed to complete the motion to proceed *in forma pauperis*. The Court gave Plaintiff until September 14, 2020, to file an amended complaint, and to file a completed motion to proceed *in forma pauperis* or pay the $400.00 filing fee.[1] ECF Doc. 3. The Court stated in that Order that Plaintiff's failure to comply may result in a recommendation of dismissal. Indeed, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may . . . dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

On August 26, 2020, the Court's August 12 order was returned to the Court as undeliverable. ECF Doc. 4. In the Notice to Pro Se Litigant provided to Plaintiff on August 3, 2020, Plaintiff was advised to update the Court on any changes to his mailing address so that he would receive court orders. ECF Doc. 2. The notice also

---

[1] *See Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)) ("[T]he PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee.'"); N.D. Fla. Loc. R. 5.3.

Case No. 4:20cv384-MW-HTC

warned Plaintiff that failure to update and maintain a current mailing address could result in dismissal of this case. *Id.* Despite Plaintiff's failure to update the Court regarding his address, on August 27, 2020, the clerk mailed the August 12 order to Plaintiff's address on file at the Bureau of Prisons and extended Plaintiff's time to comply to September 26, 2020.

After Plaintiff failed to comply, on October 5, 2020, the Court ordered Plaintiff to show cause why this case should not be recommended for dismissal for failure to prosecute or follow orders of the Court. ECF Doc. 5. The Court gave Plaintiff until October 19, 2020, to show cause or comply with the Court's August 12 order. *Id.* The October 5 order was returned to the Court as undeliverable, ECF Doc. 6, so on October 28, 2020, the clerk mailed the October 5 order to Plaintiff's address on file at the Bureau of Prisons and extended Plaintiff's time to comply to November 12, 2020. *Id.*

Despite this Court's orders, Plaintiff has failed to file anything with this Court since filing a complaint more than three (3) months ago. ECF Doc. 1. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim if the plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent

undue delays in the disposition of pending cases . . . [o]n the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

For all the reasons set forth above, the undersigned recommends this action be dismissed without prejudice for failure to prosecute or follow orders of the Court.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 3rd day of December, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**